**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In the Matter of: | : | Case No. 05-65895 |
| | : | (Jointly Administered) |
| | : | |
| Oasis Corporation, et al., | : | Chapter 7; Judge Caldwell |
| | : | |
| Debtors. | : | |

_____

| | | |
|---|---|---|
| Christal L. Caudill, Trustee | : | |
| 2130 Arlington Avenue | : | |
| Columbus, OH  43221 | : | Adv. Case No. _____ |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Saint-Gobain Corporation | : | |
| Attn:  Jean F. Phelizon, President | : | |
| P.O. Box 860 | : | |
| Valley Forge, PA 19382 | : | |
| | : | |
| and | : | |
| | : | |
| Saint-Gobain Ceramics & Plastics, Inc. | : | |
| Attn:  Christian Streiff, President | : | |
| P.O. Box 860 | : | |
| Valley Forge, PA 19382 | : | |
| | : | |
| and | : | |
| | : | |
| Saint-Gobain Performance Plastics Corporation: | | |
| Attn:  Officer | : | |
| P.O. Box 860 | : | |
| Valley Forge, PA 19382 | : | |
| | : | |
| and | : | |
| | : | |
| Saint-Gobain Vetrotex America, Inc. | : | |
| Attn:  Patrick Millot, President | : | |
| 750 E. Swedesford Rd. | : | |
| Valley Forge, PA 19482 | : | |
| | : | |

1

2166077v1

Saint-Gobain Vetrotex America, Inc.       :
c/o CT Corporation System, Statutory Agent :
1635 Market St.                           :
Philadelphia, PA 19103                    :
                                          :
and                                       :
                                          :
Saint-Gobain Technical Fabrics America, Inc.:
Attn:  Officer                            :
P.O. Box 860                              :
Valley Forge, PA 19382                    :
                                          :
and                                       :
                                          :
Saint-Gobain Sully N.A., Inc.             :
Attn:  Scott Switzer, President           :
P.O. Box 70                               :
Trumbauersville, PA 18970                 :
                                          :
and                                       :
                                          :
Saint-Gobain Containers, LLC              :
Attn:  Saint-Gobain Holdings I Corp.      :
1209 Orange St.                           :
Wilmington, PA 19801                      :
                                          :
Saint-Gobain Containers, LLC              :
Attn:  Bruce Cowgill, President           :
1509 S. Macedonia Ave.                    :
Muncie, PA 47302                          :
                                          :
and                                       :
                                          :
Saint-Gobain Abrasives, Inc.              :
Attn:  Jean F. Phelizon, President        :
P.O. Box 860                              :
Valley Forge, PA 19482                    :
                                          :
                  Defendants.             :

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER(S), FRAUDULENT TRANSFER(S), POST-PETITION TRANSFER(S) AND SETOFF(S) AND FOR MONEY JUDGMENT

For her Complaint against Saint-Gobain Corporation, Saint-Gobain Technical Fabrics

America, Inc., Saint-Gobain Vetrotex America, Inc., Saint-Gobain Performance Plastics Corporation,

2

Saint-Gobain Ceramics & Plastics, Inc., Saint-Gobain Sully N.A., Inc., Saint-Gobain Containers, LLC, Saint-Gobain Containers, Inc., and Saint-Gobain Abrasives, Inc. ("Defendants"), Plaintiff Christal L. Caudill, Chapter 7 Trustee ("Plaintiff") hereby alleges as follows:

**Jurisdiction and Parties.**

1.  Jurisdiction over this adversary proceeding is proper pursuant to 28 U.S.C. Section 1334, 28 U.S.C. Section 157, and the General Order of Reference entered in this District.

2.  Venue over this adversary proceeding is proper pursuant to 28 U.S.C. Section 1409.

3.  This adversary proceeding is a core proceeding as defined in 28 U.S.C. Section 157(b)(2)(A), (F) and (H).

4.  Plaintiff is the duly appointed, qualified and acting Trustee appointed pursuant to 11 U.S.C. § 701 by the United States Trustee for the Southern District of Ohio in the jointly administered Chapter 7 case of Oasis Corporation, Sunroc LLC, Parkmount Inc. and B2 International Corp. (collectively "the Debtor"), Case No. 05-65895.

5.  Debtor filed its Chapter 7 petition on September 1, 2005 (the "Petition Date").

**COUNT I:  AVOIDANCE OF PREFERENTIAL TRANSFER(S)**

6.  On or within ninety (90) days before the Petition Date, Debtor transferred, and/or caused to be transferred, property and/or an interest in property to Defendants.  The property transferred may include the assumption by  Zohar Waterworks LLC, dba TriPalm International ("TriPalm") of debts owed by the Debtor to the Defendants and/or payment by TriPalm of this assumed debt, regardless of when or if the assumed debt was paid by TriPalm (collectively the "Preferential Transfers").

3

2166077v1

7. The value of the Preferential Transfers was at least the dollar amount that is identified in the attached Exhibit A.[1]  In addition, Defendants may have received additional transfers during the ninety days before the Petition Date, including transfers associated with the assumption and/or payment of debt by TriPalm, which Plaintiff may learn about during the discovery process.  Plaintiff expressly seeks recovery of all known and unknown preferential transfers from the Debtor to Defendants in the ninety days before the Petition Date and any transfers regarding the assumption and/or payment of debt by TriPalm, regardless of when the assumed debt may have been paid or if the assumed debt was paid by TriPalm.

8. The Preferential Transfers constitute a transfer of an interest of the Debtor in property.

9. The Preferential Transfers constitute a transfer to or for the benefit of Defendants.

10. At the time the Preferential Transfers were made, Defendants were creditors of Debtor.

11. The Preferential Transfers constitute a transfer for or on account of an antecedent debt owed by the Debtor before such Preferential Transfers were made.

12. The Preferential Transfers were made while the Debtor was insolvent.

13. The Preferential Transfers were made on or within ninety (90) days before the date of the Debtor's Petition Date.

14. The Preferential Transfers enabled Defendants to receive more than it would receive if this case were a case under Chapter 7 of the Bankruptcy Code, the Preferential Transfers had not been made, and Defendants received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

---

[1]  Exhibit A includes only those known transfers that occurred within the ninety days before the Petition Date.

2166077v1

15.    The Preferential Transfers constitute a preferential transfer avoidable by Plaintiff pursuant to 11 U.S.C. Section 547(b).

16.    For each of the foregoing reasons, Plaintiff is entitled to an order avoiding and recovering the Preferential Transfers pursuant to 11 U.S.C. Section 547(b) and/or 11 U.S.C. Section 544(b).

## COUNT II:  AVOIDANCE OF FRAUDULENT TRANSFER(S)

17.    Plaintiff restates and reaffirms all of the allegations contained in the previous paragraphs as if the same were fully rewritten herein.

18.    On or within four (4) years before the Petition Date, Debtor transferred, and/or caused to be transferred, property and/or an interest in property to Defendants (collectively the "Fraudulent Transfers").

19.    The value of the Fraudulent Transfers was at least the dollar amount that is identified in the attached Exhibit A.[2]  In addition, Defendants may have received additional fraudulent transfers during the four years before the Petition Date, which Plaintiff may learn about during the discovery process.  Plaintiff expressly seeks avoidance of all known and unknown fraudulent transfers from the Debtor to Defendants in the four years before the Petition Date

20.    Debtor's Fraudulent Transfers of property or interests in property to Defendants constitute the transfer of an interest of the Debtor in property.

21.    Debtor's Fraudulent Transfers to Defendants were made on or within four years of the Petition Date.

22.    Defendants received less than reasonably equivalent value in exchange for the Fraudulent Transfers.

2166077v1

23.     Debtor was insolvent on the date it made the Fraudulent Transfers to Defendants or Debtor became insolvent as a result of such Fraudulent Transfers.

24.     At the time of the Fraudulent Transfers, Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

25.     Debtor's Fraudulent Transfers to Defendants were made with actual intent to hinder, delay, or defraud creditors that the Debtor was indebted to or became indebted to on or after the date that the Fraudulent Transfers were made.

26.     To the extent the Fraudulent Transfers were made within one year before the Petition Date, the Fraudulent Transfers to Defendants constitute fraudulent transfers avoidable by the Plaintiff pursuant to 11 U.S.C. Section 548.

27.     To the extent the Fraudulent Transfers were made within four years before the Petition Date, the Fraudulent Transfers constitute fraudulent transfers as defined by Ohio's Uniform Fraudulent Transfer Act, O.R.C. Section 1336.01 *et seq.*

28.     Plaintiff is entitled to an Order avoiding and recovering the Fraudulent Transfers pursuant to the provisions of 11 U.S.C. Section 544(b) and/or 11 U.S.C. Section 548.

29.      Plaintiff is entitled to an Order avoiding and recovering the Fraudulent Transfers pursuant to Ohio's Uniform Fraudulent Transfer Act including the provisions of Ohio Revised Code § 1336.01 *et seq.* and/or 11 U.S.C. Section 544(b).

## COUNT III:  AVOIDANCE OF POST-PETITION TRANSFER(S)

30.     Plaintiff restates and reaffirms all of the allegations contained in the previous paragraphs as if the same were fully rewritten herein.

---

[2]  Exhibit A includes only those known fraudulent transfers that occurred within the four years before the Petition Date.

2166077v1

31.   Some of the transfers described in Count I and/or Count II, including transfers not now known to the Plaintiff, may have occurred after the date of the filing of the Petition (collectively "the Post-Petition Transfers").

32.   The Post-Petition Transfers were not authorized by the Bankruptcy Code or by any Order of the Bankruptcy Court.

33.   The Post-Petition Transfers were a transfer of property of the bankruptcy estate.

34.   The Plaintiff is entitled to an Order avoiding and recovering the Post-Petition Transfers pursuant to 11 U.S.C. Section 549(a) and/or 11 U.S.C. Section 544(b).

**COUNT IV:   AVOIDANCE OF PREFERENTIAL TRANSFER(S) PURSUANT TO OHIO LAW**

35.   Plaintiff restates and reaffirms all of the allegations contained in the previous paragraphs as if the same were fully rewritten herein.

36.   Each transfer of money or property by the Debtor to the Defendants was made by the Debtor in contemplation of insolvency and with a design to prefer the Defendants to the exclusion in whole or in part of other creditors of the Debtor and/or was made by the Debtor to the Defendants with the Debtor's intent to hinder, delay or defraud other creditors of the Debtor (collectively "the Preferential Transfers Pursuant to Ohio Law").

37.   Pursuant to the provisions of O.R.C. Section 1313.56, the Preferential Transfers Pursuant to Ohio Law made by the Debtor to the Defendants are void.

38.   The Plaintiff has the status of a creditor of the Debtor pursuant to the provisions of 11 U.S.C. Section 544.

39.   The Plaintiff has standing pursuant to the provisions of O.R.C. Sections 1313.58 and § 1313.59 to file suit to recover the Preferential Transfers Pursuant to Ohio Law from the Defendants.

2166077v1

40.     The Defendants were aware at the time of the Preferential Transfers Pursuant to Ohio Law were made that the transfers were made by the Debtor with fraudulent intent.

41.     The Plaintiff is entitled to a judgment against the Defendants equal to the amount of the Preferential Transfers Pursuant to Ohio Law and is entitled to an Order avoiding and recovering same pursuant to 11 U.S.C. Section 544(b).

## COUNT V:  AVOIDANCE OF SETOFF(S)

42.     Plaintiff restates and reaffirms all allegations contained in the previous paragraphs as if the same were fully rewritten herein.

43.     On or within ninety (90) days before the Petition Date, the Defendants offset one or more mutual debts owing by the Defendants to the Debtor against one or more claims against the Debtor (collectively "the Setoffs").

44.     The insufficiency as defined in 11 U.S.C. Section 553(b)(2) resulting from the Setoffs was less than the insufficiency on the later of either ninety (90) days before the Petition Date or the first date during the ninety (90) days before the Petition Date on which there was an insufficiency.

45.     The Plaintiff is entitled to an order pursuant to 11 U.S.C. Section 553(b)(1) avoiding and recovering the amount by which the Setoffs increased the insufficiency.

## COUNT VI:  RECOVERY OF PROPERTY

46.     Plaintiff restates and reaffirms all of the allegations contained in the previous paragraphs as if the same were fully rewritten herein.

47.     Plaintiff is entitled to avoid all transfers by the Debtor to the Defendants pursuant to 11 U.S.C. Sections 544, 547, 548, 549, 553 and/or O.R.C. Sections 1336.01 *et seq.* and/or O.R.C. Sections 1313.56 *et seq.*

8

2166077v1

48.    Defendants were the initial transferee of all transfers, the intermediate or mediate transferee of all transfers, or the person/entity for whose benefit all transfers were made.

49.    Pursuant to 11 U.S.C. Section 550(a), Plaintiff is entitled to recover from Defendants an amount to be determined at trial that is not less than the sum of all transfers, plus interest at the rate provided by federal law from the date of the transfers, and costs associated with this proceeding.

50.    Pursuant to 11 U.S.C. Section 551, all transfers, except for Setoffs avoided pursuant to 11 U.S.C. Section 553, once avoided, are preserved for the benefit of the bankruptcy estate.

## COUNT VII   DISALLOWANCE OF CLAIM

51.    Plaintiff restates and reaffirms all of the allegations contained in the previous paragraphs as if the same were fully rewritten herein.

52.    Defendants are the transferee of all transfers described in this Complaint, which are avoidable under 11 U.S.C. Sections 544, 547, 548, 549, 553 and/or O.R.C. Sections 1336.01 *et seq.* and O.R.C. Section 1313.56 *et seq.* and which are recoverable by Plaintiff pursuant to 11 U.S.C. Section 550.

53.    Pursuant to 11 U.S.C. Section 502(d), any claims held by Defendants against Debtor must be disallowed unless Defendants pay to the Plaintiff the amount of the transfers described in this Complaint.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

A.    Plaintiff requests an Order as to Counts I and VI

(i)    avoiding the Preferential Transfers and

9

2166077v1

(ii)    preserving the avoided Preferential Transfers for the benefit of the Debtor's bankruptcy estate and

(iii)    granting Plaintiff a judgment against the Defendants in an amount equal to the Preferential Transfers plus interest at the rate provided by federal law from the date(s) of the Preferential Transfers.

B.    Plaintiff requests an Order as to Counts II and VI

(i)    avoiding the Fraudulent Transfers and

(ii)    preserving the avoided Fraudulent Transfers for the benefit of the Debtor's bankruptcy estate and

(iii)    granting Plaintiff a judgment against the Defendants in an amount equal to the Fraudulent Transfers plus interest at the rate provided by federal law from the date(s) of the Preferential Transfers

C.    Plaintiff requests an Order as to Counts III and VI

(i)    avoiding the Post-Petition Transfers and

(ii)    preserving the avoided Post-Petition Transfers for the benefit of the Debtor's bankruptcy estate and

(iii)    granting Plaintiff a judgment against the Defendants in an amount equal to the Post-Petition Transfers plus interest at the rate provided by federal law from the date(s) of the Post-Petition Transfers.

D.    Plaintiff requests an Order as to Counts IV and VI

(i)    avoiding the Preferential Transfers Pursuant to Ohio Law and

(ii)    preserving the avoided Preferential Transfers Pursuant to Ohio Law and

(iii)    granting Plaintiff a judgment against the Defendants in an amount equal to the Preferential Transfers Pursuant to Ohio Law plus interest at the rate

10

2166077v1

provided by federal law from the date(s) of the Preferential Transfers Pursuant to Ohio Law

E.    Plaintiff requests an Order as to Count V

(i)    avoiding the Setoffs to the extent that the insufficiency resulting from the Setoffs was less than the insufficiency on the later of 90 days prior to the Petition Date or the first date within the 90 days prior to the Petition Date on which there was an insufficiency and

(ii)    granting the Plaintiff a judgment against the Defendants in an amount equal to the avoided Setoffs plus interest at the rate provided by federal law from the date(s) of the Setoffs.

F.    Plaintiff requests an Order as to Count VII disallowing any claim of the Defendants in the Debtor's bankruptcy case unless and until the Defendants have fully paid to the Plaintiff the amount of any judgment granted to Plaintiff against the Defendants in this adversary proceeding.

G.    Plaintiff requests an Order as to all Counts granting the Plaintiff a judgment against the Defendants for the Court costs in this adversary proceeding and any other costs or expenses recoverable by law, including a reasonable sum as and for the Plaintiff's attorney fees incurred in this adversary proceeding.

H.    Plaintiff requests an Order as to all Counts granting the Plaintiff all other relief that the Court deems appropriate or which is necessary to grant or implement any relief that the Plaintiff has specifically requested.

11

Respectfully submitted,


/s/  David M. Whittaker, Esq.

_____

David M. Whittaker, Esq.      (0019307)
Special Counsel for Christal L. Caudill, Trustee
BRICKER & ECKLER LLP
100 South Third Street
Columbus, OH  43215
(614) 227-2355 – phone
(614) 227-2390 – fax
dwhittaker@bricker.com

2166077v1

Exhibit A

Transfers from Oasis Corporation and/or Sunroc LLC and/or Parkmount Inc. and/or B2 International Corporation to Saint-Gobain Corporation, Saint-Gobain Technical Fabrics America, Inc., Saint-Gobain Vetrotex America, Inc., Saint-Gobain Performance Plastics Corporation, Saint-Gobain Ceramics & Plastics, Inc., Saint-Gobain Sully N.A., Inc., Saint-Gobain Containers, LLC, Saint-Gobain Containers, Inc., and Saint-Gobain Abrasives, Inc.:

| Date of Payment | Payment Amount |
| --- | --- |
| 07/13/05 | $15,520.00 |
| 07/15/05 | $13,740.00 |
| 08/02/05 | $15,520.00 |
| | |
| TOTAL | $44,780.00 |

Transfers associated with the assumption and/or payment of debt by Zohar Waterworks LLC, dba TriPalm International:

None known at this time

GRAND TOTAL          $44,780.00

2166077v1